No. 3557

Second Circuit
(Second Division)

BARONNE BUILDING, INC., v. BULLOCK

(June 11, 1931. Opinion and Decree.)

Blanchard, Goldstein & Walker and Leon O'Quinn, · of Shreveport, attorneys for plaintiff, appellee.

Cal D. Hicks, ' of Shreveport, attorney for defendant, appellant.

CULPEPPER, J. This is a suit to recover rents past due for April, May, and June, and for the unexpired months of July, August, and September, 1928, upon a written contract of lease dated September 28, 1927, at a monthly rental of $55 per month, payable on the 1st of each month, with a stipulation that, in event of failure to pay the rent punctually at maturity, the whole unexpired term of the lease shall at once become due; and, in case it becomes necessary to place the claim for rent in the hands of an attorney for collection, the lessee shall pay 10 per cent. additional as attorney's fee and 8 per cent per annum interest on the amount of rentals from maturity. The contract, which is attached to the petition, recites the period to run from October 1, 1907, to September 30, 1908. The petition alleges error as to· these named years, alleging it was intended to be 1927 and 1928, instead of 1907 and 1908. The testimony in support of this allegation shows unquestionably the error as alleged. In fact the error is not disputed.

The premises leased is shown to be room No. 602 of the Baronne building in the city of New Orleans. The purpose for which it was rented was for use by defendant as an insurance office.

Plaintiff alleges defendant failed to pay rent for the month of April when due; that defendant continued in his failure to pay for said month, as well as for the subsequent months of May and June; that rents for the remaining three unexpired months are therefore now due, the whole aggregating $330, the principal amount sued for, including 8 per cent per annum interest thereon from April 1, 1928, until paid, plus 10 per cent additional as attorney's fees, as provided for in the contract.

Defendant in answer admits he has paid nothing for the six months alleged on, but avers he owes nothing for said months, for the reason that when he paid rent for March, 1928, he informed plaintiff's agent, Lewis P. Eaves, he had failed in his insurance business and would have to vacate the leased premises; that thereafter, on March 9, 1928, Mr. Eaves, as agent for plaintiff, received and accepted delivery of the keys to the said premises from Mr. J. R. Medlock, a representative of defendant, whom defendant had left in charge of the premises; that later said Eaves ordered Medlock to remove the furniture belonging to defendant from the premises, which was done in compliance with said order; that these alleged facts and circumstances operated as a cancellation of the lease.

Defendant then reconvenes for $65 for a counter desk which he alleges belonged to him among the things moved from the premises under orders from Eaves, and which defendant alleges cost him $65.

From a judgment in favor of plaintiff in the full amount sued for, and rejecting the demand in reconvention, defendant prosecutes this appeal.

The defense to the suit is based upon the claim by defendant that the contract of lease was canceled by reason of the alleged surrender by defendant and acceptance by plaintiff of the keys, and the removal of defendant's property under orders of plaintiff from the premises. Upon this phase of the case we have the testimony of defendant, who says he left New Orleans and moved to Shreveport about March 10, 1928, and when he left he turned the keys over to Mr. J. R. Medlock, and told Mr. Lewis P. Eaves he had given Mr. Medlock permission to move the furniture and that, when the furniture was moved, to turn the keys over to Mr. Eaves.

Also we have the depositions of J. R. Medlock, taken under commission on behalf of defendant. A number of questions asked this witness by counsel were objected to, when offered in court, as leading, and were held by the court, as shown in its written opinion, as being grossly leading and suggestive. We have read these questions and agree with the court in this respect. The questions are lengthy, and about all the witness had to do was to answer "Yes" or "No." Counsel stated to witness what defendant claimed went with the keys, and asked if that was true, and witness said "Yes." Witness did not give the detailed circumstances under which he turned the keys over to Mr. Eaves. Eaves, in his testimony, explained the circumstances fully. He denied Medlock turned the keys over to him. According to his testimony Medlock represented that all of the furniture that was in the leased office, except a counter desk, belonged to the American National Insurance Company, of which Medlock was general agent, defendant being only a local agent; that Medlock remained in New Orleans a short time after defendant had left for Shreveport, to look after defendant's affairs, and requested Eaves' permis-

sion to move his company's belongings from the office; that he (Eaves) permitted this done with the distinct understanding that defendant should not be released from payment of the rents; and that Medlock assured him that defendant was reliable and was going to continue to represent Medlock's company in Shreveport, where he would soon be able to recuperate his finances and could pay the balance on the rent claim.

We are convinced, as was the lower court, that the rent contract under the circumstances was not canceled, and its cancellation was not so agreed upon nor understood by the parties, either tacitly or otherwise.

Counsel vigorously objected to the using in evidence of the depositions of Lewis P. Eaves and Charles J. Gulzer, taken for plaintiff de bene esse under Act 98 of 1926, before a notary in New Orleans. He states numerous reasons, among which is that it is not affirmatively shown by the notary's certificate attached to the depositions, nor in the preamble, or elsewhere, that the notary was not counsel or attorney for either party to the suit or was not interested in the cause. Counsel urges that such showing was necessary; that the burden was upon plaintiff to show this. The portion of the act pertinent to this point raised reads as follows:

"The deposition may be taken before an officer authorized by law to administer oaths, not being either counsel or attorney of either of the parties, or interested in the cause."

This is not shown affirmatively in the notary's certificate nor in any other place connected with the depositions. The record in the case, however, as a whole, shows who the attorneys are representing the parties, and who the parties themselves are. Hence, we think it reasonable to conclude, as evidently the lower court did, that, since the notary taking these depositions is not shown from the record to be one of the counsel in the case nor one of the parties to the cause, he was not such in fact. Besides, a rule was taken out to show casue why the depositions should not be used in evidence. The rule, according to the minutes, was regularly taken up, tried, and made absolute. Certainly defendant was given every opportunity to show in the trial of the rule any informalities there might have been in the taking of the depositions. We think the court was correct in overruling the objections of counsel on this point.

Taking the testimony as a whole we think plaintiff made out its case. The judge of the district court has written a lengthy opinion which is in the record, and we think his reasoning good and his conclusions correct. As he states, he cannot see why the acceptance of the keys and the permitted removal of the furniture constituted a cancellation of the lease. We think this also, especially when we consider the circumstances under which it was done are such as are disclosed by the testimony in this case.

We are also of the opinion that defendant has failed to submit sufficient proof in support of his reconventional demand. The desk for which he claims was apparently abandoned by him and given away by his agent Medlock to a negro for having it removed. Furthermore, as the judge states, the present value of the desk has not been proven. The amount it cost defendant to have it built cannot be taken to represent its present value.

Judgment is affirmed.