**IRY v. TRADERS & GENERAL INS. CO.**
**No. 5507.**

Court of Appeal of Louisiana. Second
Circuit.

June 30, 1937.

Rehearing Denied July 19, 1937.
Writ of Certiorari Denied Nov. 2, 1937.

Stephens & Gahagan, of Natchitoches,
and Albin P. Lassiter, of Monroe, for
appellant.

John G. Gibbs, of Natchitoches, for
appellee.

HAMITER, Judge.

In his petition plaintiff alleges that he
sustained a right inguinal hernia while
assisting in lifting a heavy piece of ma-
chinery onto a truck during the morning
of August 18, 1936. At that time he was
an employee of and acting in the discharge
of his duties with the Monroe Construc-
tion Company, which was engaged in a
road building project in Natchitoches par-
ish, La. For this employment he received
30 cents per hour, and was working forty
hours each week.

Compensation under the Louisiana Em-
ployers' Liability Act (Act No. 20 of 1914,
as amended) is claimed by plaintiff in this
suit, which he instituted against his em-
ployer's insurer, in the amount of 65
per cent. of his weekly wages for a period
of 300 weeks.

After an unsuccessful attempt to remove
the proceedings to the federal court, de-
fendant answered. It admitted being the
compensation insurer of the Monroe Con-
struction Company, that plaintiff was em-
ployed by the insured, and alleged the
wages to be as above recited. Liability,
however, was denied.

A trial of the merits resulted in a judg-
ment in plaintiff's favor for compensation
of $7.80 per week for 300 weeks, and for
all costs of suit. The judgment also fixed
the fees of the medical experts who testi-
fied in the case at $10 for each of them,

694

and reserved to plaintiff the right to sue for medical or surgical expenses. Defendant appealed from the judgment. Plaintiff has answered the appeal asking that the judgment be amended to the extent of awarding compensation for a period not exceeding 400 weeks.

In the brief of appellant's counsel, we find the following statement relative to the issues presented by the appeal:

"There is no question but what plaintiff has a hernia. Our defense is that he did not get the hernia 'when, where and in the manner that he claims. Defending on the grounds that it is an old hernia.

"There is no dispute about his wages.

"The only question this Court has to determine is whether or not J. D. suffered his hernia as he claims or whether he had this hernia prior to that date. However, it is necessary to pass on certain rulings of the lower court in making that determination."

The rulings complained of are those excluding from the record, on objections urged by plaintiff's counsel, the depositions of R. E. Mosher and George Mosher which were taken in Walnut Ridge, Ark., under the authority of Act No. 143 of 1934. The testimony of these witnesses, as disclosed by the depositions which are in the record attached to a formal bill of exceptions, is to the effect that they knew plaintiff while he was working in Eunice, La., in 1935, that at such time he possessed a knot on his side which resembled a hernia, and that he denied it was a hernia when questioned about it. The trial judge assigned numerous reasons for his sustaining of the objections. At least one of the grounds mentioned by him is, in our opinion, sound, and we shall discuss only it herein.

Section 5 of the Act No. 143 of 1934 provides: "That all testimony taken under the provisions of this Act, together with an exemplified copy of the notice served upon the opposite party or his attorney, as hereinabove provided, and an affidavit of the party in whose behalf the testimony is taken, reciting the time when and manner in which the original of said notice was served upon the opposite party or his attorney, and a certificate of the officer taking the testimony, shall be returned into the court where said cause is pending, under the seal of the officer before whom the testimony is taken, in the same manner as depositions are returned under the existing laws for interrogatories under commission. The hereinabove mentioned certificate of the officer before whom the testimony is taken shall recite (1) the name and title of the cause and the court where the same is pending, (2) the appearances entered at the taking of the testimony, (3) the name and address of the witness or witnesses who testified, (4) the manner in which said testimony was taken, reduced to writing, and subscribed, (5) that the officer before whom the testimony was taken is not of counsel or attorney for any party to the suit or otherwise interested in the outcome of the case, and (6) the signature and seal of the officer before whom the testimony was taken."

It is to be noted from the quoted statutory provision that the certificate of the officiating officer, which is required to be returned with the testimony, must recite, among other things, "that the officer before whom the testimony was taken is not of counsel or attorney for any party to the suit or otherwise interested in the outcome of the case." As we view the act, a recital to that effect is mandatory, and its absence makes inadmissible the testimony proposed to be used. The certificate attached to the depositions offered in the instant case states in part: "I, Harry Ponder, Jr., a Notary Public, within and for the County and State aforesaid, duly commissioned and acting and having no interest in the above styled cause do hereby certify that. * * *"

It is not certified, however, that said notary is not an attorney for any party to the suit. A statement that a notary has "no interest in the above styled cause" is not the equivalent or inclusive of one that such officer is not "of counsel or attorney for any party to the suit."

As plaintiff's counsel points out, it is well known that many corporations, particularly insurance companies, conduct their operations over a wide area, and they select, and sometimes retain, attorneys, in various towns and cities of their territory to represent them in legal matters and litigation which arise in the vicinity of the respective attorney's domicile. It was certainly possible for the notary who received the testimony offered in this case to be an attorney for appellant in his locality in Arkansas, and yet not be interested "in the above styled cause," which arose and was pending in a tribunal of another state. We think that the certificate returned with the above-mentioned

testimony did not substantially comply with the mandatory provisions of the quoted section of the statute, and that the ruling of the trial judge in excluding the depositions was correct.

Our attention is directed to the case of Baronne Building, Inc., v. Bullock, 16 La.App. 585, 135 So. 59, wherein we held that certain depositions of witnesses were admissible in evidence, although the notary taking them did not certify that he was not counsel or attorney of either of the parties, or interested in the cause. These depositions were not taken pursuant to the provisions of the legislative act now under consideration. Furthermore, previous to their being offered, they had been approved in a separate proceeding in which the opposing litigant had been given the opportunity of contesting all informalities connected with their taking. That case, in our opinion, does not affect the conclusion which we have reached herein.

The evidence remaining in the record, although exceedingly meager, preponderates in favor of the fact that plaintiff received a right inguinal traumatic hernia, in the manner alleged by him, while in the discharge of his duties as an employee of the Monroe Construction Company, and that he was totally disabled by reason of that injury. It is true that claimant, under cross-examination, frankly admitted that occasionally since the accident he had driven a tractor on a farm; but he also testified that he merely sat and drove as one does in an automobile. This frankness, we think, does not materially detract from the testimony in the record favoring a condition of total disability. Furthermore, no evidence whatever was offered by appellant touching the extent of the disability.

The jurisprudence of this state is to the effect that the compensation payable under the Employers' Liability Act for a traumatic hernia producing total disability is 65 per cent. of the weekly wages during the period of disability not, however, exceeding 400 weeks. Miller v. Frank Grocery Co., Inc., 17 La.App. 333, 136 So. 143; James v. Hillyer-Deutsch-Edwards, 15 La.App. 71, 130 So. 257. In his petition, plaintiff specifically asked for weekly compensation payments for a period of only 300 weeks. He further prayed, however, "for general and equitable relief, and a judgment according to law." And his answer in this court asks that the period be increased to 400 weeks. By reason of the quoted portion of his prayer, and the well-established doctrine that strict rules of pleading are not applicable to suits for compensation, we hold that plaintiff is entitled to payments during the period recognized by the above-named decisions.

In the event there is a cessation or diminution of plaintiff's incapacity, appellant is afforded a method by the Compensation Laws for a modification of the judgment.

It is therefore ordered, adjudged, and decreed that the judgment of the trial court be amended to the extent of awarding the weekly compensation payments during the period of plaintiff's total disability, not, however, exceeding 400 weeks, and as amended said judgment is affirmed. Costs of court shall be paid by appellant.

DREW, J., dissents.